**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE DE JESUS GOMEZ, INDIVIDUALLY, AND AS THE ADMINISTRATOR OF THE ESTATE OF JASON JESUS GOMEZ and CLAIRE ELIZABETH SCHAFFNER, AS GUARDIAN AD LITEM FOR S.B.G., <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF ORANGE, DESTONN POYTHRESS and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO. CV10-2146-SVW (RNBx) <br><br> **PROTECTIVE ORDER** |

**IT IS HEREBY ORDERED** that:

1. Any documents which the Orange County Defendants produce to Plaintiffs either pursuant to a Court order, or in response to discovery requests and which were authored, generated or created by the Orange County Sheriff's Department, pursuant to any internal affairs investigations of a particular Orange County Sheriff's Department Deputy Sheriff or Special Officer (including any supervisors and other Orange County Sheriff's Department employees), or, of a

1

**PROTECTIVE ORDER**

particular incident, are to be designated as "Confidential Material." Likewise, any Orange County Sheriff's Department's personnel records are also to be designated as "Confidential Material." Such designation shall be made by stamping or otherwise marking the materials prior to production or use in this litigation as follows:

**"CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER"**

2. If any information and/or documents which are the subject of this Protective Order are discussed during a deposition in a way, which discloses any confidential material, said portion of the deposition transcript shall be treated as confidential material subject to this protective order.

3. Confidential material shall be used solely in connection with the preparation and trial of the within case, Case No. CV10-2146 SVW (RNBx) or any related appellate proceeding, and not for any other purpose, including any other litigation.

4. Confidential material may not be disclosed, except as provided in paragraph 5, even if it is within the scope of a subpoena requesting this information, without first applying to the Court for an order removing the confidential material designation from any such documents.

5. "Confidential material" may be disclosed, without first providing notice and an opportunity to seek a protective order, only to the following persons:

(a) Counsel for any party and any party to this litigation;

(b) Paralegal, investigator, stenographic, clerical and secretarial personnel regularly employed by counsel;

(c) Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action;

(d) Any outside expert or consultant retained in connection with this action, and not otherwise employed by either party; and

    (e) Any "in-house" expert designated by either party to testify at trial in this matter.

  Nothing in paragraph 5 is intended to prevent officials or employees of the County of Orange or other authorized governmental officials from having access to the material if they would have had access in the normal course of their job duties. Similarly, in the case of medical records, nothing in paragraph 5 is intended to restrict the use of confidential material by the party to whom the records relate. Further, nothing in this order prevents a witness from disclosing events or activities personal to him or her, that is, a witness can disclose to others information previously given to the County of Orange with respect to what he or she saw, heard or otherwise sensed.

  6. Each person to whom disclosure of "Confidential" documents is made, with the exception of counsel and those made in Paragraph 5, who are presumed to know the contents of this protective order, shall, prior to the time of disclosure, be provided by the person furnishing him/her such material a copy of this order, and shall agree on the record or in writing that he/she has read the protective order, and that he/she understands the provisions of the protective order.  Such person also must consent to be subject to the jurisdiction of the United States District Court with respect to any proceeding relating to enforcement of this order, including without limitation, any proceeding for contempt.  Unless made on the record in this litigation, counsel making the disclosure to any person described above shall retain the original executed copy of said agreement until final termination of this litigation.

  7. In accordance with Local Rule 79-5.1, if Confidential Material, including any portion of a deposition transcript, is included in any papers to be filed with the Court, such papers shall be accompanied by an application to (a) file the confidential portions thereof under seal (if such portions are segregable), or (b) file the papers in their entirety under seal (if the confidential portions are not segregable).  For motions, the parties should file a redacted version of the motion

and supporting papers. The Application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

8. In the event that the parties use such documents at trial, the parties do not waive any right to seek a protective order on the grounds that the documents utilized by the parties contain private or confidential information.

9. In the event that either party decides to seek a protective order with regard to documents used at trial because they believe that the documents disclose private and confidential information, the parties shall meet and confer regarding the redaction of potentially private or confidential information.

10. At the conclusion of the trial and of any appeal or upon termination of this litigation, all confidential material received under the provisions of this order (including any copies made and/or any computer materials made or stored) shall be tendered back to counsel for the party who produced the confidential material or designated the material as confidential within 30 days. Provisions of this order insofar as they restrict the disclosure and use of the material shall be in effect until further order of this Court.

11. Because the damages that disclosure of this confidential material in violation of this protective order may cause are impossible to measure, if either counsel fails to return all documents produced pursuant to this protective order as provided by Paragraph 10 within 30 days, counsel who produced or designated the material as confidential may bring a noticed motion to enforce Paragraph 10.

12. The foregoing is without prejudice to the right of any party:

(a) To apply to the Court for a further protective order relating to confidential material or relating to discovery in this litigation;

(b) To apply to the Court for an order removing the confidential material designation from any documents; and

(c) To apply to the Court for an order compelling production of

1  documents or modification of this order or for any order permitting disclosure of
2  confidential material beyond the terms of this order.
3  **IT IS SO ORDERED**.
4
5  Date:  February 25, 2011                                    _____
6                                                                                                HON. ROBERT N. BLOCK
                                                                                                  United States Magistrate Judge
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28